UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

JESSE JACKSON                                                                                        PLAINTIFF

VS.                                                                    CIVIL ACTION NO. 3:16cv752-DPJ-FKB

WARDEN BLACKMAN, ET AL.                                                                   DEFENDANTS

## REPORT AND RECOMMENDATION

This matter is before the Court on the Defendants' Motion to Dismiss, or, in the Alternative, Motion for Summary Judgment [22] and related filings in this case brought pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971) and 28 U.S.C. § 1331. For the reasons explained below, the undersigned recommends that the motion be granted, and that this case be dismissed.

### I.  FACTS AND PROCEDURAL HISTORY

Plaintiff Jesse Jackson, Bureau of Prisons Register Number 09881-003, is currently incarcerated in the Medium Security Unit of the Federal Correctional Complex located in Yazoo City, Mississippi.[1] He has a projected release date of March 29, 2029, via good conduct time. [22-1] at 3. According to the filings, Jackson's claims arise from events which transpired while he was incarcerated at FCI Yazoo Low.

---

1 The Federal Correctional Complex at Yazoo City, Mississippi, consists of three units:   FCI Yazoo City Low ("FCI Yazoo Low"), a low security federal correctional institution with an adjacent minimum security satellite camp; FCI Yazoo City Medium, a medium security federal correctional institution; and U.S. Penitentiary Yazoo City, a high security U.S. penitentiary.   According to the Bureau of Prisons web site, Jackson is currently incarcerated at FCI Yazoo City Medium.   *See* https://www.bop.gov/inmateloc/.

Plaintiff filed this action under 28 U.S.C. § 1331, seeking recovery of damages against Defendants pursuant to *Bivens*. In sum, Jackson alleges that Defendants violated his Eighth Amendment constitutional rights based on a June 2014 power outage, overcrowded conditions, and poor sanitary conditions at FCI Yazoo Low, all of which caused him to suffer mental health and psychological problems. According to the Motion to Dismiss, the Defendants are employees of the Bureau of Prisons ("BOP"), as follows: Thomas Kane, Acting Director of the Federal Bureau of Prisons; Warden Bruce E. Blackman, Warden of the FCI Yazoo Low-Security Unit; and Christopher Curry, who is currently a Unit Manager at the United States Penitentiary at Yazoo City.[2] Plaintiff seeks injunctive and monetary relief.

In response to the Complaint, Defendants filed the instant motion to dismiss, or in the alternative, motion for summary judgment. In their motion, Defendants argue, *inter alia*, that Plaintiff has failed to exhaust administrative remedies as to his claims. For the reasons explained below, the undersigned recommends that this case be dismissed without prejudice based upon Plaintiff's failure to exhaust administrative remedies.

## II. DISCUSSION

Defendants have moved for dismissal based upon Rule 12(b) of the Federal Rules of Civil Procedure, or, in the alternative, Rule 56.[3] Although Defendants have raised the defense of qualified immunity, "if it becomes evident that the plaintiff has failed to state or otherwise to

---

[2] According to the Motion to Dismiss, Warden Blackman reported for duty as Warden of FCI Yazoo Low on August 10, 2014, and Defendant Curry did not become a unit manager at the FCI Yazoo Low until March 8, 2015. [22-3].

[3] Rule 56 of the Federal Rules of Civil Procedure states, in relevant part, that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

establish a claim, then the defendant[s] [are] entitled to dismissal on that basis." *Wells v. Bonner*, 45 F.3d 90, 93 (5th Cir. 1995)(citing *Siegert v. Gilley*, 500 U.S. 226, 231-33 (1991)). As mentioned above, Defendants also assert, among other defenses, that Plaintiff's complaint should be dismissed for his failure to exhaust administrative remedies.

A review of the relevant statutory and case law on exhaustion is instructive. With the passage of the Prison Litigation Reform Act of 1996, Congress amended 42 U.S.C. § 1997e regarding exhaustion of administrative remedies by prisoners. The relevant portion of § 1997e states, as follows:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies <u>as are available</u> are exhausted.

42 U.S.C. § 1997e(a)(Supp. 2000)(emphasis added). In *Booth v. Churner*, the Supreme Court held that 42 U.S.C. § 1997e requires an inmate to exhaust administrative remedies before bringing an action with respect to prison conditions, regardless of the relief offered through administrative procedures. *Booth*, 121 S. Ct. 1819, 1825 (2001). In *Porter v. Nussle*, the Supreme Court reiterated its holding in *Booth* when it held that the PLRA's exhaustion requirement is mandatory and applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong. *Porter v. Nussle*, 122 S. Ct. 983 (2002). *Porter* informs that:

> [o]nce within the discretion of the district court, exhaustion in cases covered by § 1997e(a) is now mandatory. *See Booth v. Churner*, 532 U.S. 731, 739, 121 S. Ct. 1819, 1490 L.Ed.2d 958 (2001). All "available" remedies must now be exhausted; those remedies need not meet federal standards, nor must they be "plain, speedy, and effective." Even when the prisoner seeks relief not available in grievance proceedings, notably money damages, exhaustion is a prerequisite to suit. And unlike the previous provision, which encompassed only § 1983 suits, exhaustion

> is now required for all "action[s] . . . brought with respect to prison conditions," whether under § 1983 or "any other Federal law." Thus federal prisoners suing under *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed. 2d 619 (1971), must first exhaust inmate grievance procedures just as state prisoners must exhaust administrative processes prior to instituting a § 1983 suit.

*Porter*, 122 S. Ct. at 988 (some citations omitted). Furthermore, the Supreme Court has recently rejected any attempt to engraft a "special circumstances" exception into the PLRA's exhaustion requirement. *See Ross v. Blake*, 136 S. Ct. 1850, 1858 (2016).

Turning to the present case, Jackson's Request for Administrative Remedy (Attempt at Informal Resolution), or BP-8, dated November 13, 2015, alleged substandard levels of sanitation and unsafe conditions related to a power outage in the summer of 2014.[4]  [1] at 20. Jackson also alleged that the facility was overcrowded and overloaded. *Id.* As a result of these conditions, he argued that he suffered "stress and depression" and "harms and losses." *Id.* Jackson demanded officials rectify the problems and provide him medical and psychological treatment. *Id.*

Citing the 2014 power outage, Defendant Curry initially rejected the Request for Administrative Remedy as being untimely under Program Statement 1330.18 because it was submitted more than twenty (20) days from the date the incident occurred. *Id.* at 25. On December 2, 2015, Jackson filed a formal Request for Administrative Remedy, which essentially restated his multiple claims, cited the 2014 power outage, and stated that the conditions were a continuing problem. *Id.* at 27. The Administrative Remedy Coordinator denied the Request for Administrative Remedy because it was untimely, contained multiple unrelated issues, and was unclear. *Id.* at 28. The Administrative Remedy Coordinator advised Jackson to refile his claims

---

[4] The federal regulations governing the Administrative Remedy Program of the Bureau of Prisons are found at 28 C.F.R. § 542.10, *et seq.*   The implementing instructions are found at the Bureau's Program Statement 1330.18,

for medical treatment and sanitation separately. *Id.* Despite the deficiencies identified by officials in his submissions, Jackson persisted in filing substantially the same request for relief, with multiple claims for relief, at every step in the appeals process, with the same result: rejection for his failure to adhere to the rules of the Administrative Remedy Program. *See* [1] at 33, 38, 43.

In response to Defendants' motion, Jackson argues that he has exhausted his administrative remedies, while making unsupported allegations that Defendants destroyed his grievances and thwarted his attempts to exhaust. He also submitted copies of grievances already in the record and other unrelated grievances lodged after he instituted this action. The Court has thoroughly reviewed Plaintiff's complaint and its attachments, the Defendants' motion and supporting attachments, and Plaintiff's response and its attachments. This review shows that Jackson has failed to exhaust his administrative remedies.

Although Jackson alleges that Curry destroyed his initial grievance in October 2015, the record shows, and Jackson admits, that he filed a grievance in November 2015. Moreover, as demonstrated by his history of filing administrative grievances, and the reasons officials gave for the rejections, Plaintiff was well aware of the administrative remedy process, but failed to comply with its rules.[5] [22-2] at 2-7. Despite his arguments to the contrary, a prisoner cannot satisfy the exhaustion requirement "by filing an untimely or otherwise procedurally defective administrative grievance or appeal" because "proper exhaustion of administrative remedies is necessary." *Woodford v. Ngo*, 548 U.S. 81, 83-84 (2006). Likewise, Jackson's

---

dated January 6, 2014.

[5] In 28 C.F.R. § 542.14(c)(2), the Regulations governing the Administrative Remedy Program provide that

> [t]he inmate shall place a single complaint or a reasonable number of closely related issues on the form. If the inmate includes on a single form multiple unrelated issues, the submission shall be rejected and returned without response, and the inmate shall be advised to use a separate form for

claims of interference with the administrative remedy process, however, concern the enforcement of procedural rules for administrative grievances and the procedures followed by prison officials in resolving grievances[;] [t]hese assertions are insufficient to show that [Plaintiff] should be excused from exhausting his administrative remedies as inmates are required to "exhaust such administrative remedies as are available, whatever they may be."

*Zebrowski v. U.S. Federal Bureau of Prisons*, 558 F. App'x 355, 360 (5th Cir. 2014). Put another way, "all 'available' remedies must now be exhausted; those remedies need not meet federal standards, nor must they be 'plain, speedy, and effective.'" *Porter*, 122 S. Ct. at 988. Plaintiff has failed to meet this standard. Accordingly, Defendants are entitled to summary judgment, and Plaintiff's claims should be dismissed without prejudice.

### III. CONCLUSION

For the reasons discussed in this Report and Recommendation, the undersigned recommends that Defendants' Motion to Dismiss, or in the alternative, Motion for Summary Judgment [22] be granted, and the complaint be dismissed without prejudice.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. §636, *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Respectfully submitted, this the 13th day of January, 2018.

        /s/ F. Keith Ball
UNITED STATES MAGISTRATE JUDGE

---

each unrelated issue.