UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

JESSE JACKSON                                                                                    PLAINTIFF

V.                                                              CIVIL ACTION NO. 3:16-CV-752-DPJ-FKB

B.E. BLACKMAN, WARDEN, ET AL.                                                     DEFENDANTS

ORDER

Petitioner Jesse Jackson is a federal inmate currently incarcerated at the Federal Correctional Complex in Yazoo City, Mississippi ("FCC-Yazoo"). Jackson complains about the conditions of his confinement, pursuing his claims under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), and 28 U.S.C. § 1331. After Defendants filed their Motion to Dismiss, or, in the Alternative, Motion for Summary Judgment [22], the Court referred the matter to United States Magistrate Judge F. Keith Ball. Judge Ball thereafter entered a January 16, 2018 Report and Recommendation [28] ("R&R") in which he concluded that Defendants' motion should be granted and the case dismissed without prejudice for failure to exhaust administrative remedies. Jackson filed no objection to the R&R, but he did file a subsequent Motion for Summary Judgment [29]. The bulk of that motion addresses the exhaustion issue, and the Court will liberally construe it as an objection. Moreover, the Court has reviewed the record as a whole, including the exhibits Jackson submitted in response to Defendants' Motion. *See* Pl.'s Resp. [24]. Based on this record, the Court concludes that the R&R should be adopted as the Court's opinion.

In basic terms, Jackson complained about conditions at FCC-Yazoo, including conditions following a power outage in June 2014. Under the Prison Litigation Reform Act of 1996:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or

other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. §1997e(a) (Supp. 2000). These remedies include an informal presentation of the issue to staff, 28 C.F.R. § 542.13, an official Administrative Remedy Request ("ARR"), *id.* § 542.14(a), and a two-level appellate process, *id.* § 542.15(a). These exhaustion requirements apply to *Bivens* suits brought by federal prisoners. *Porter v. Nussle*, 534 U.S. 516, 524 (2002).

Jackson attempted to follow this process to some extent, but his ARR and subsequent appeals were rejected at each level on procedural grounds, including his failure to limit the ARR to a single issue. Each time the Bureau of Prisons rejected his submission, it instructed Jackson to follow the filing directions provided in prior rejection notices. *See, e.g.*, Rejection Notice [24-1] at 21. Instead of following those instructions, Jackson simply moved up to the next level of review stating that he was bypassing the earlier rounds because they incorrectly rejected his grievances. *See, e.g.*, *id.* at 17.

As Judge Ball observed, "A prisoner cannot satisfy the exhaustion requirement 'by filing an untimely or otherwise procedurally defective administrative grievance or appeal' because 'proper exhaustion of administrative remedies is necessary.'" R&R [28] at 5 (quoting *Woodford v. Ngo*, 548 U.S. 81, 83–84 (2006)). Judge Ball therefore concluded that Jackson failed to exhaust. *Id.* at 5–6.

Jackson addresses the exhaustion issue in his post-R&R Motion for Summary Judgment, repeating themes he asserted in response to Defendants' dispositive motion. Primarily, he says Defendant Christopher Curry obstructed or denied his grievances. Pl.'s Mot. [29] at 3. But the records Jackson produces explain that he simply filed another grievance after Curry allegedly sat on the first, and Jackson has not shown that the delay prejudiced his case. *See* Letter [24-1] at 17.

Jackson was no doubt frustrated with the process, but he should have followed the advice he received and submitted a procedurally correct grievance. The Fifth Circuit Court of Appeals "takes a strict approach to the exhaustion requirement," under which "mere substantial compliance with administrative remedy procedures does not satisfy exhaustion." *Dillon v. Rogers*, 596 F.3d 260, 268 (5th Cir. 2010) (citations and internal quotation marks omitted). For this reason, the Fifth Circuit affirmed dismissal in *Abbott v. Babin,* where, like here,

> the [state Administrative Remedy Program ("ARP")] screening officer rejected Abbott's ARP because it contained references to more than the single incident upon which he sought relief. . . . After his ARP was rejected, Abbott resubmitted the exact complaint already rejected. Because of the failure to submit a procedurally-acceptable ARP complaint, the merits of his allegations were never considered under the First Step of the ARP. Consequently, Abbott failed properly to exhaust his administrative remedies.

587 F. App'x 116, 118 (5th Cir. 2014).

For these reasons, the Court agrees that Jackson did not exhaust his administrative remedies and that his case must be dismissed *without* prejudice to refiling after he properly exhausts. The Court therefore adopts the R&R [28] as the opinion of the Court. A separate judgment will be entered consistent with Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED** this the 13th day of February, 2018.

s/ *Daniel P. Jordan III*
CHIEF UNITED STATES DISTRICT JUDGE